IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DANNY L. SMITH, # 176952,          )<br>                                                       )<br>     Petitioner,                             )<br>                                                       )<br>v.                                                    )     Civil Action No. 3:11cv608-WHA<br>                                                       )                            (WO)<br>J.C. GILES, *et al.*,                        )<br>                                                       )<br>     Respondents.                        ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The petitioner Danny Smith filed this 28 U.S.C. § 2254 action on July 21, 2011.[1] In 1994 Smith pled guilty to and was duly convicted of charges of incest, stalking and escape in the second degree in the Circuit Court of Russell County, Alabama. In response to Smith's petition, the respondents contend that Smith's claims are barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d). For the reasons which follow, this court concludes Smith's claims should be dismissed.

In his § 2254 petition filed in this court challenging the legality of his detention by the State of Alabama, Smith enumerates the Russell County Circuit Court's case numbers of the convictions which he challenges: CC-93-687, 688 and 689. Well prior to filing this § 2254

---

[1] Although the present petition was stamped "filed" in this court on July 28, 2011, the petition was signed by Petitioner on July 21, 2011. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271–272 (1988); *Adams v. United States,* 173 F.3d 1339, 1340–41 (11th Cir.1999); *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir.1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Smith] signed it ..." *Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir.2001). In light of the foregoing, the court considers July 21, 2011, as the date of filing.

action in this court, on December 18, 2009, Smith filed a § 2254 habeas petition in the United States District Court for the Northern District of Alabama. *Smith v. Allen, et al., 2:09-cv-2544-JFG.* At the time he filed this earlier petition Smith was incarcerated at Saint Clair Correctional Facility which is located within the jurisdiction of the Northern District. Thus, that court had concurrent jurisdiction to consider Smith's petition. 28 U.S.C. § 2241(d). Smith's Northern District petition challenged convictions imposed on him in the Russell County Circuit Court and listed the case numbers as "Russell County CC: 93, 687, 688, 689." On August 10, 2011, a Magistrate Judge of the Northern District recommended that the petition be dismissed with prejudice because it was not timely filed within the limitations period of 28 U.S.C. § 2244(d)(1) or (2). On November 3, 2011, a final judgment dismissing Smith's petition with prejudice was entered in the Northern District. Smith did not appeal. Thus, the judgment of dismissal became final 30 days later. FED R. APP. P. 4.

At first blush, it might appear that Smith's petition filed in this court is a successive petition barred by the provisions of 28 U.S.C. § 2244(b). However, "it is clear that for a petition to be "second or successive" within the meaning of the statute, it must at a minimum be filed subsequent to the conclusion of "a proceeding that 'counts' as the first." *Ching v. United States*, 298 F.3d 174, 177 (2nd Cir. 2002). *See also United States v. Camejo-Rodriguez*, 413 F. App'x 158, 160 (11th Cir. 2011) (Stating in the context of a § 2255 application that "[u]ndoubtedly, the conclusion that a habeas petition is a 'second or successive' petition requires the existence of a first"). Smith's petition was filed in this court *before* the conclusion of the Northern District proceeding. Thus, it cannot count as a second

or successive petition within the meaning of § 2244(b).[2]  Consequently, this court is not deprived of jurisdiction, *see* 28 U.S.C. § 2244(b)(3)(A), to consider Smith's claims.

This brings the court to the question of whether Smith's petition is timely.  Pursuant to 28 U.S.C. § 2244(d)(1), a one-year period of limitations applies "to an application for a writ of habeas corpus," and runs "from the latest of":

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

To determine the date when the limitations period commenced, the court must now turn to the proceedings which took place in state court in Russell County, Alabama.  Smith entered his guilty plea on March 23, 1994, and he was sentenced on April 28, 1994.  Smith did not appeal his conviction or sentence.  On October 1, 2007, Smith filed in state court a motion for post-conviction relief pursuant to ALA. R. CRIM. P. 32 challenging his conviction on the three charges.  Smith contended that the Circuit Court lacked jurisdiction over him because of a variance between the charges to which he plead guilty and the indictment.  He

---

[2]And for obvious reasons, it is not now possible to treat this action as a motion to amend Smith's Northern District petition; that case is closed.

also contended that his counsel was ineffective.  The petition was denied; Smith appealed, and the Alabama Court of Criminal Appeals affirmed the denial of relief on August 21, 2009.  The certificate of judgment was issued on September 9, 2009.

Smith's conviction became final on June 9, 1994,[3] before the April 24, 1996, effective date of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").  The Eleventh Circuit long age concluded that prisoners whose convictions became final before the enactment of the AEDPA had to be given a "reasonable time" to file their habeas petitions, *Wilcox v. Florida Dep't of Corr's,* 158 F.3d 1209 (11th Cir. 1998), which is April 24, 1997.  *Moore v. Campbell*, 344 F.3d 1313, 1319 (11th Cir. 2003).  Smith's July 21, 2011, filing in this court missed that mark by 6031 days.

Smith did file in state court a post-conviction motion on October 1, 2007, but the provisions of 28 U.S.C. § 2244(d) which toll the running of the limitations period for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," do not help him.  A state application filed after the § 2244(d) limitations period has already run does not toll, as there is no limitations period remaining to be tolled.  *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000).  Thus, the court cannot consider Smith's claims because they were not filed in a timely manner.

After the respondents raised the limitations defense in their answer, the court entered

---

[3]Under Alabama law, a conviction become final 42 days after sentencing if no appeal is taken. ALA. R. APP. P. 4(b)(1).

an order allowing Smith to show cause why his petition should not be dismissed as untimely, and Smith filed a response. Smith's response is replete with arguments which in essence boil down to the contention that because Smith plead guilty in state court to a crime which was not charged in the indictment, the trial court lacked jurisdiction over him. Thus, Smith contends that the limitations period does not apply to him. If this court were an Alabama court, that argument would have some force. *See, e.g., McNeal v. State*, 43 So. 3d 628, 629 (Ala. Crim. App. 2008) (Jurisdictional challenge raised in a Rule 32 proceeding not barred by the statute of limitations). There is no similar exception to the limitations period contained in § 2244(d). Thus, Smith's jurisdictional contentions do not entitle him to any relief from operation of the statutory limitations bar.

The statute of limitations, however, can be equitably tolled in certain circumstances. *Holland v. Florida,* 560 U.S. 631 (2010). Equitable tolling requires that the movant show the circumstances were "both beyond his control and unavoidable even with diligence." *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (internal quotation marks omitted). This equitable remedy is "typically applied sparingly." *Id*. Regarding equitable tolling, there is no reason for this court to reinvent the proverbial wheel. Magistrate Judge Ott thoroughly addressed Smith's equitable tolling claims and the undersigned cannot improve upon what Judge Ott wrote.

> In support of his contention, the petitioner states that he was without a record or documentation until the Rule 32 appellate stage . . . Accordingly, he concludes that he was not able to properly and effectively advance his claims. (*Id*.) These contentions are not the kind of "extraordinary circumstances" necessary to support a finding of equitable tolling. To the contrary, the petitioner's failure to act during the intervening period from the plea and

sentencing to the filing of the Rule 32 is the kind of delay this court cannot not permit.

Next, the petitioner appears to advance a claim of actual innocence . . . The Eleventh Circuit Court of Appeals recently restated:

> To successfully plead actual innocence, a petitioner must show that his conviction resulted from 'a constitutional violation.'" *Johnson v. Fla. Dep't of Corr*., 513 F.3d 1328, 1334 (11th Cir. 2008) (quoting *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 867, 130 L. Ed. 2d 808 (1995)). The actual innocence claim in *Schlup* is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Schlup*, 513 U.S. at 315, 115 S. Ct. at 861 (quotation marks omitted).
>
> To be credible, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324, 115 S. Ct. at 865. The petitioner "must demonstrate that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt," and "must raise sufficient doubt about his guilt to undermine confidence in the result of the trial." *Johnson*, 513 F.3d at 1334 (quotation marks and alteration omitted). We have recognized that "actual innocence" means "factual innocence, not mere legal insufficiency." *Id.* (quotation marks and alteration omitted).

*Scarlett v. Secretary, Dept. of Corrections*, 404 Fed. Appx. 394, 401 (11th Cir. Dec. 7, 2010).

The petitioner alleges that his petition should not be barred because he "is raising the affirmative defenses of 'manifest injustice,' 'actual innocence,' 'legal innocence,' and 'exception' pursuant to the 'continuing acts doctrine' by 'direct consequences' as would open a 'gateway' to the procedural default contained within the AEDPA." . . . However, after citing much black-letter law, he does not offer any "new reliable evidence ... that was not presented ..." in support of his claim. *Schlup*, 513 U.S. at 324. In his "[Response]," the petitioner asserts that "the prosecutrix" and others joined in a "chain

>conspiracy" to "set" him up on these charges. . . . He also asserts in conclusory fashion that the Sheriff's deputies "coaxed, prepped, and influenced" the victim to lie against him. . . . He further asserts that if his counsel had conducted a better investigation he would have found witnesses who could have demonstrated the falsity of the charges against him. . . . Because counsel did not perform adequately, the petitioner argues, he became a part of the "chain conspiracy" that let to the violation of his constitutional rights. . . . These conclusory allegations do not refute the petitioner's statement to the trial judge at the plea that he did engage in intercourse with the victim. . . . Absent specific new evidence, such as affidavits or sworn declarations, the petitioner is entitled to no further review of his claims. Lastly, the petitioner asserts that based on his recent conviction on August 8, 2008, of failing to give 30 days notice of his intent to move, which is a consequence of his being a sex offender premised on his challenged 1994 incest conviction, his present petition in this court is timely under 28 U.S.C. § 2254(d). . . . He argues that because the 1994 incest conviction involves a continuing offense and has an automatic impact on his future sentences, habeas review by this court is permitted. . . . The petitioner's novel contention that this is a continuing offense and, therefore, has tolling implications is not persuasive. His situation does not bring his 1994 conviction within the limitations period under§ 2254(d)(1) or (2). Although there are instances where a belated challenge may be advanced, this is not one of those. His claims are barred from further review.

*Smith v. Allen, et al.,* 2:09-cv-2544-JEO (N.D. Ala. 2011) (Ott, J., Magistrate Judge Recommendation).

Aside from all of the foregoing, Smith has failed to show that he was diligent in pursuit of his remedies. Other than his claim about lack of records, he does not offer any explanation about why he waited until 2007 to seek post-conviction relief in state court. Nor does he explain why he did not raise in state court his jurisdictional argument sooner which he certainly could have done because even in the absence of records he was well aware of the crimes to which he plead guilty. He offers no explanation for why he failed to raise his ineffectiveness of counsel arguments sooner when he likewise was well aware of how his counsel allegedly failed him. Accordingly, it is the Recommendation of the Magistrate Judge

that the petition for habeas relief be denied and that this case be dismissed with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before November 12, 2013**.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 29th day of October, 2013.

          /s/Charles S. Coody
          CHARLES S. COODY
          UNITED STATES MAGISTRATE JUDGE