IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DANNY L. SMITH, # 176952, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 3:11cv608-WHA |
| ) | (WO) |
| J.C. GILES, *et al.*, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Before the court is Alabama inmate Danny L. Smith's *pro se* motion for relief from final judgment under Rule 60(b)(4) of the Federal Rules of Civil Procedure[1] filed on February 7, 2017.  Doc. No. 34.  Smith requests that the court reopen the proceedings on his petition for writ of habeas corpus under 28 U.S.C. § 2254, which he filed in July 2011

---

[1] Rule 60(b) of the Federal Rules of Civil Procedure allows a party to move for relief from a final judgment in a civil case on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b).

and this court denied in November 2013. For the reasons that follow, the magistrate judge finds Smith's Rule 60(b)(4) motion should be denied.

## II. DISCUSSION

In his § 2254 petition, Smith challenged his 1994 guilty plea conviction in the Circuit Court of Russell County for the offense of incest. He argued that the state trial court lacked jurisdiction to enter the conviction because a variance existed between the offense to which he pled guilty and the offense charged in the indictment. He also contended that his trial counsel was ineffective.[2] *See* Doc. No. 1.

This court denied Smith's § 2254 petition on November 21, 2013, with the district court adopting the recommendation of the magistrate judge, entered the previous month, finding Smith's petition was time-barred under 28 U.S.C. § 2244(d), as it was filed 6,031 days after expiration of the federal limitation period. *See* Doc. Nos. 24, 27, and 28.

Smith bases his motion for relief under Rule 60(b)(4) on an alleged "defect in the integrity of the proceedings" on his § 2254 petition. Doc. No. 34 at 2. He argues this court erred in finding his § 2254 petition to be time-barred and that the limitation period in § 2244(d) does not apply to his "jurisdictional" claim challenging his 1994 incest conviction, because the crime of incest was not an included offense of the charge in the indictment under which he pled guilty.[3] *Id.* at 2–7. This same argument by Smith was addressed in the magistrate judge's recommendation and was rejected as without merit:

---

[2] Smith contended he was serving a life sentence for a subsequent conviction and that his life sentence was the product of an enhancement under Alabama's habitual offender statute, based, in part, on the incest conviction. Doc. No. 1 at 7–8.

[3] Smith maintains that the original charge in the indictment was rape in the first degree.

2

> After the respondents raised the limitations defense in their answer, the court entered an order allowing Smith to show cause why his petition should not be dismissed as untimely, and Smith filed a response. Smith's response is replete with arguments which in essence boil down to the contention that because Smith pled guilty in state court to a crime which was not charged in the indictment, the trial court lacked jurisdiction over him. Thus, Smith contends that the limitations period does not apply to him. If this court were an Alabama court, that argument would have some force. *See, e.g., McNeal v. State*, 43 So. 3d 628, 629 (Ala. Crim. App. 2008) (Jurisdictional challenge raised in a Rule 32 proceeding not barred by the statute of limitations). There is no similar exception to the limitations period contained in § 2244(d). Thus, Smith's jurisdictional contentions do not entitle him to any relief from operation of the statutory limitations bar.

Doc. No. 24 at 4–5.

While Smith's Rule 60(b)(4) motion is also replete with arguments why he is entitled to have the proceedings on his § 2254 petition reopened based on this court's allegedly erroneous finding that his § 2254 petition was time-barred, Smith's arguments boil down to the same contention, already rejected by this court, that because his claim that the crime of incest to which he pled guilty was not an included offense of the charge in the indictment, the claim was jurisdictional and not subject to the limitation period in 28 U.S.C. § 2244(d). This argument was wrong when previously asserted by Smith, just as it is wrong now, when asserted in his Rule 60(b)(4) motion. There is no exception to the limitation period in § 2244(d) for claims alleging lack of jurisdiction by the state trial court.[4] *See, e.g., Pope v. Butler*, 2012 WL 4479263, at *1 (N.D. Ala. Sep. 24, 2012), quoting *Brown v. Patterson*, 2012 WL 3264896, *3 (M.D. Ala.2012) ("While Pope argues that his claim challenging

---

[4] One of Smith's arguments is that is entitled to relief under Rule 60(b)(4) because he has "newly discovered evidence" that the crime of incest to which he pled guilty was not an included offense of the charge in the indictment. Doc. No. 34 at 2–7. Whether or not Smith has indeed presented "new" evidence in this regard is immaterial to the issue of whether there is an exception to the limitation period in § 2244(d) for claims alleging lack of jurisdiction by the state trial court. There is no exception on this basis.

3

the validity of his conviction and sentence presents a 'jurisdictional' claim that is not governed by the one-year limitations period of § 2244(d)(1), 'neither the statute nor federal case law makes such an exception for alleged jurisdictional issues arising under state law.'"); *see also Owens v. Mitchem*, 2012 WL 4009335, *3 n.3 (N.D. Ala. 2012) ("There is no exception under AEDPA's statute of limitations for a § 2254 claim that the state court lacked subject matter jurisdiction."); *Nettles v. Secretary, Dep't of Corr.*, 2012 WL 1309360, *2 (M.D. Fla. 2012); *Griffin v. Padula*, 518 F.Supp.2d 671, 677 (D.S.C. 2007); *Ahmed v. Hooks*, 2007 WL 128787, *1 (S.D. Ala.2007); *Beaulieu v. Minnesota*, 583 F.3d 570, 574 (8th Cir.2009) ("Whether Minnesota had jurisdiction of [the petitioner's] claim was a matter for the Minnesota courts to address. [The petitioner] misapprehends the nature of federal habeas review, and we hold that his subject matter jurisdiction claim does not preclude a finding of procedural default .").

Relief under Rule 60(b) is a remedy available only in extraordinary circumstances, and a party seeking relief under the rule bears a high burden. *See Saunders v. United States*, 380 F. App'x 959, 964 (11th Cir. 2010); *Santa v. United States*, 492 F. App'x 949, 951 (11th Cir. 2012). Because Smith fails to demonstrate this court erred in finding his § 2254 petition was time-barred under § 2244(d), he makes no showing of the extraordinary circumstances required to justify reopening the proceedings on his petition. He demonstrates no defect in the integrity of the § 2254 proceedings and is entitled to no relief under Rule 60(b)(4).

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Smith be denied relief from final judgment under Rule 60(b)(4) because his motion for relief under that rule lacks merit.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before Juy 26, 2017.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3 1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 12th day of July, 2017.

                                 /s/Charles S. Coody
                                 CHARLES S. COODY
                                 UNITED STATES MAGISTRATE JUDGE

.